UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 03-26213 |
| | ) | |
| LaDONNA MaLINDA THOMAS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION

On March 2, 2004, the U.S. Trustee filed a motion (Docket #6) seeking a refund of fees to the debtor and an assessment of fines against A. Paul Schwenke and PrivateBankruptcy.com for alleged violations of 11 U.S.C. § 110 – a section of the Bankruptcy Code which governs the activities of bankruptcy petition preparers – *i.e.*, persons, other than an attorney or an employee of an attorney, who prepare for compensation a document for filing. On July 9, 2004, the Court held an evidentiary hearing on the U.S. Trustee's motion and related filings. *See* Docket ## 6, 10, 11, 17, 18, and 19. Lenore Kleinman appeared for the U.S. Trustee. Neither Schwenke nor a representative of PrivateBankruptcy.com appeared at the hearing. For the reasons that follow, the U.S. Trustee's motion is granted in part and denied in part.

JURISDICTION

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the United States

District Court for the Northern District of Ohio. The U.S. Trustee's motion is a contested matter pursuant to Fed. R. Bankr. P. 9014 and a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). This memorandum constitutes the Court's findings of fact and conclusions of law as required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

FACTS

On December 9, 2003, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On the second page of the petition, the debtor indicates that she is not represented by an attorney. Also on the second page of the petition, the words "Not Applicable" are typed under the caption "Signature of Non-Attorney Petitioner Preparer" where the printed name of a bankruptcy petitioner preparer would appear. There is no disclosure on the second page of the petition that PrivateBankruptcy.com or Schwenke prepared the debtor's petition. The petition, schedules, and the Statement of Financial Affairs do not contain the name, address, signature, or identifying taxpayer number of a bankruptcy petition preparer in the space provided. At the end of the Statement of Financial Affairs, the certification of non-attorney bankruptcy petition preparer, which indicates that the petition was prepared for a fee, also includes the words "Not Applicable." *See* U.S. Trustee Exhibit A. The debtor testified that she did not type the words "Not

2

Applicable" on the software questionnaire or petition and that she believed the words were provided by PrivateBankruptcy.com's software program.

David O. Simon was appointed as the trustee in this case. On January 7, 2004, Simon conducted the meeting of creditors, pursuant to 11 U.S.C. § 341. The debtor appeared at the meeting alone. At the § 341 meeting the debtor testified that her petition and schedules were prepared online at a website known as www.PrivateBankruptcy.com. *See* U.S. Trustee Exhibit B. The debtor paid $149.00 for access to the website for the preparation of the schedules. *See* U.S. Trustee Exhibit D. After his examination of the debtor, Simon determined this case had no assets available for distribution to creditors and filed his report accordingly. *See* Docket ## 4 and 5. Simon then referred this case to the U.S. Trustee for further investigation regarding 11 U.S.C. § 110. *See* U.S. Trustee Exhibits C and D.

A. Paul Schwenke is identified as the registered agent for a Utah limited liability company, cSave.net, LLC. cSave.net, LLC is identified on PrivateBankruptcy.com's website as the software provider for PrivateBankruptcy.com. PrivateBankruptcy.com's domain name is registered by cSave.net, LLC, and the administrative contact is Schwenke. The U.S. Trustee submits that through "Google" searches, it appears that PrivateBankruptcy.com,

3

Schwenke, and cSave.net, LLC have the same address and telephone number based in Utah. *See* Docket #6 at 1 n.1. Since PrivateBankruptcy.com is a dba of cSave.net, LLC, the Court will treat all references to PrivateBankruptcy.com in the U.S. Trustee's motion and in this Memorandum of Opinion as including cSave.net, LLC dba PrivateBankruptcy.com.

*Services Provided by PrivateBankruptcy.com*

The debtor testified that www.PrivateBankruptcy.com provided a software program with information, instructions, and a questionnaire to prepare a bankruptcy petition and schedules. The debtor inputted information regarding her assets, debts, and financial affairs in the software program questionnaire online, and, after payment of the $149.00 access fee, the printed bankruptcy petition and schedules were then provided to her. The debtor paid the $149.00 access fee via the Internet on a service known as PayPal, which accepted her credit card payment. The debtor maintains her credit card account with Fifth Third Bank, located in Cleveland, Ohio. *See* U.S. Trustee Exhibit B at 6. The website indicates that a paralegal is assigned to each customer and is available to assist in completing the questionnaire. *See* U.S. Trustee Exhibit D (letter from PrivateBankruptcy.com indicating paralegals are available for assistance) and U.S. Trustee Exhibit E (copy of PrivateBankruptcy.com website homepage

4

indicating paralegals are assigned to customers for assistance in completing the questionnaire). The website also provides assistance by e-mail, U.S. Trustee Exhibit I, page 9, and at least once, the debtor requested, and received, assistance by e-mail in completing the questionnaire.

PrivateBankruptcy.com's website provides detailed information regarding bankruptcy and how to complete the questionnaire. Some of the information provided to customers on the website in the "Frequently Asked Questions" section includes:

- an explanation of the automatic stay and how to notify creditors to cease collection efforts after a bankruptcy petition is filed, and that failure to cease collection efforts may result in sanctions (U.S. Trustee Exhibit I, page 2)

- a description of exempt assets, reaffirmation, and a secured creditor's right to file a motion for relief from the automatic stay (U.S. Trustee Exhibit I, pages 3-4)

- a definition of asset and how to determine the market value of an asset (U.S. Trustee Exhibit I, page 4)

- a description of how to determine the value of an asset jointly held with another person and if an asset is exempt, and a description of the procedures to follow in claiming an exemption (U.S. Trustee Exhibit I, page 5)

- an explanation that the questionnaire provides the appropriate exemption based upon the state the debtor resides in and the asset claimed as exempt and the statement, "You will then select the exemption on the list that matches your property and our program will

5

print the required information on Schedule C. (The required information includes the property description, your State's statutory citation providing for the exemption, the value of the claimed exemption and value of the property before deducting the exemption.)" (U.S. Trustee Exhibit I, page 5)

- an explanation of what a trustee can do with "exempt" and "nonexempt" property, and the debtor's option to (1) buy back nonexempt property from the trustee and/or (2) file a motion with the bankruptcy court to abandon property of little or no value to the trustee (U.S. Trustee Exhibit I, page 5)

- a definition of (1) creditor, (2) secured creditor, (3) unsecured creditor, and (4) priority claim (U.S. Trustee Exhibit I, pages 5-6)

- an explanation of filing eligibility (only spouses can file jointly), and if your non-spouse roommate is jointly liable on debts, an explanation of the need to list the roommate as a co-debtor and the statement, "Our program solicits the relevant information about a co-debtor from you, then generates the proper form (schedule H) with the co-debtor information." (U.S. Trustee Exhibit I, page 7)

Simon testified at the evidentiary hearing that, based upon his experience as a practicing attorney and Chapter 7 bankruptcy trustee for over 20 years, it is his opinion that the ordinary consumer does not understand fundamental bankruptcy terms such as asset, secured or unsecured creditor, and priority or non-priority claim, and other concepts necessary to prepare a bankruptcy petition. Simon further testified that in his experience he has found the common fee charged by a bankruptcy petition preparer is between $100.00 and $200.00.

6

# LAW

Section 110 of the Bankruptcy Code provides in pertinent part:

**Penalty for persons who negligently or fraudulently prepare bankruptcy petitions.**

>   (a) In this section –
>       (1) "bankruptcy petition preparer" means a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing; . . .
>           . . . .
>   (b)     (1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.
>           (2) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.
>   (c)     (1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.
>           (2) For purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.
>           (3) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.
>           . . . .
>   (h)     (1) Within 10 days after the date of the filing of a petition, a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.
>           (2) The court shall disallow and order the immediate turnover to the bankruptcy trustee of any fee referred to in paragraph (1) found

7

to be in excess of the value of services rendered for the documents prepared. An individual debtor may exempt any funds so recovered under section 522(b).

DISCUSSION

In addition to asserting that their services do not constitute the work of a "bankruptcy petition preparer" as that phrase is defined under 11 U.S.C. § 110, Schwenke and PrivateBankruptcy.com also assert that this Court lacks personal jurisdiction over them. *See* Docket #18. The Court will address the jurisdictional issue first.

*I. This Court Has Personal Jurisdiction
Over Schwenke and PrivateBankruptcy.com.*

This Court rejects the argument that it lacks personal jurisdiction over Schwenke and PrivateBankruptcy.com for two reasons. First, even if the jurisdictional test were based on these entities' contacts with the State of Ohio, *which it is not*, the entities' contacts would be sufficient for purposes of due process. These entities solicited business from individuals located in the State of Ohio, were paid by funds from the debtor's bank account in Ohio, and were paid for services specifically designed to enable an individual to file documents with a bankruptcy court located in the State of Ohio. *See generally Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *International Shoe Co. v. Washington*, 326 U.S.

8

310 (1945).

Even more important, however, is the fact that the relevant jurisdictional test focuses on the entities' contacts with the United States, not the State of Ohio. Pursuant to 28 U.S.C. § 1334, bankruptcy courts have been provided with federal question jurisdiction "over all bankruptcy cases and proceedings." Furthermore, Bankruptcy Rule 7004(d) provides for nationwide service of process and is applicable here, as the U.S. Trustee's motion is a contested matter. *See* Bankruptcy Rule 9014(b) addressing contested matters and requiring the motion "be served in the manner provided for service of a summons and complaint by Rule 7004." Because Rule 7004(d) provides for nationwide service and because this case involves a federal question, the standard to determine if personal jurisdiction exists is the national contacts analysis. *See United Liberty Life Insurance Co. v. Ryan,* 985 F.2d 1320 (6th Cir. 1993) (concluding that federal statute providing for nationwide service of process requires determination only that party has contacts with United States, not particular state, for personal jurisdiction); *accord Medical Mutual of Ohio v. DeSoto*, 245 F.3d 561, 566-68 (6th Cir. 2001) (same); *In re Federal Fountain, Inc.*, 165 F.3d 600 (8th Cir. 1999) (contacts between defendant and state have no bearing on personal jurisdiction issue in bankruptcy adversary proceeding); *Diamond Mortgage Corp. v. Sugar,*

9

913 F.2d 1233, 1244 (7th Cir. 1990) (same); *In re Chari*, 276 B.R. 206, 210-11 (Bankr. S.D. Ohio 2002) (applying Sixth Circuit's national contacts analysis in bankruptcy context); *In re Tipton*, 257 B.R. 865, 871-73 (Bankr. E.D. Tenn. 2000) (same). Here, it is undisputed that PrivateBankruptcy.com and Schwenke have contacts with the United States, and therefore, it is evident that this Court has personal jurisdiction over the parties.

*II. Schwenke and Privatebankruptcy.com Are
"Bankruptcy Petition Preparers" as Defined in 11 U.S.C. § 110.*

Section 110 of the Bankruptcy Code regulates the conduct of bankruptcy petition preparers. Congress enacted § 110 as part of the Bankruptcy Reform Act of 1994 to protect consumers from abuses by non-attorney petition preparers. Congress recognized that some debtors sought assistance in document preparation from non-attorneys and, rather than watch this practice flourish underground, chose to "force it into the light by defining persons who provide such assistance and regulating their conduct in 11 U.S.C. § 110." *In re Alexander,* 284 B.R. 626, 630 (Bankr. N.D. Ohio 2002).

A bankruptcy petition preparer is defined as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). A "person" is defined under the

10

Bankruptcy Code as including an individual, partnership, or corporation. 11 U.S.C. § 101(41). PrivateBankruptcy.com and Schwenke argue that they are not bankruptcy petition preparers, as they only provide a software program for debtors to prepare, on their own, the petition and other bankruptcy documents for filing. No case law is submitted to support their position.

In addressing the U.S. Trustee's motion and Schwenke's response, the Court must grapple with the question whether persons that charge for on-line computer services in connection with the preparation of bankruptcy petitions, schedules, and statements fall within the definition of "bankruptcy petition preparer." While a few courts have found that some entities providing such services constitute petition preparers, the Court has found only limited case law that analyzes the statutory definition and explains why such on-line services either fall within or outside the definition.

One recent case that the Court finds instructive is *In re Jolly*, 313 B.R. 295 (Bankr. S.D. Iowa 2004). In *Jolly*, the U.S. Trustee moved for sanctions under Section 110 of the Bankruptcy Code against a company and its president that assisted the Jollys in preparing their Chapter 7 petition, schedules, and statement of affairs. In exchange for $195, the debtors received the "Alpha Chapter 7 Bankruptcy Kit" from the respondents. According to the court, "the Kit provides

11

step-by-step instructions, advice, and examples of how to complete the documents for a chapter 7 bankruptcy case." 313 B.R. at 299. "The Kit counsels what is dischargeable and nondischargeable debt; reaffirmation agreements; avoiding liens; redeeming mortgaged property, [and other items]." *Id.* "Respondents did not provide their name, address, and signatures on the petition or statement of financial affairs; and they did not disclose the fees received from Debtors." *Id.*

After reviewing the definition of "bankruptcy petition preparer" contained in Section 110 of the Bankruptcy Code, including the legislative history, the *Jolly* court concluded that respondents were indeed petition preparers within the meaning of the statute.

> The fact that the person does not place the date and numbers on the form does not excuse that person from advising the court of their participation in the process of preparing the documents for filing with the bankruptcy court. Neither does the fact that the person provides these services by computerized services excuse that person from revealing that person's role in the preparation of the documents
> This court concludes that "preparation" of a document includes both the physical preparation and the dictation or the determination of the information to be placed on the document by the "preparer."

313 B.R. at 300.

This court agrees with the *Jolly* court that "preparation" goes beyond the physical typing or mere printing of the documents. *Webster's Third New International Dictionary* (2002) defines "prepare" as "to make ready beforehand

for some purpose." Thus, for example, a person who for a fee provides a computerized service that asks the debtor a series of questions in order to produce a bankruptcy petition and related documents for filing is engaged in the activity of making these documents "ready beforehand." Moreover, such activity would fall within the plain meaning of the statute even if the debtor types his or her own answers to the automated questionnaire and prints the completed forms using the debtor's own printer. This is true because the person providing the computerized or automated service is engaging in the activity of making ready or "preparing" the debtor's petition and other documents.

While the court can envision a scenario where a person who sells kits of blank bankruptcy forms limited to the Official Forms and the instructions accompanying the Official Forms is not engaged in the activity of making ready or "preparing" such documents for filing, that is certainly not the situation in the present case. In the Official Form scenario described above, the person who sells the kits is simply providing a means for the debtor to prepare his or her own forms, without making any suggestions regarding how the forms are to be completed. In fact, the court can further envision a scenario where the kits being sold are computerized, "fillable" forms, again limited to the Official Forms and their accompanying instructions. Again, the distinction between this scenario and the

13

actions of Schwenke and PrivateBankruptcy.com is that the person providing the fillable forms is simply providing a means for the debtor to prepare his or her own forms, *without adding any suggestions, whether personalized or automated, as to how the forms are to be completed, beyond the instructions that are already a part of the Official Forms*. In the present case, however, the debtor answered an automated questionnaire that went well-beyond the instructions accompanying the Official Forms. Moreover, the fee also included the personal assistance of a paralegal to answer additional questions either by telephone or by e-mail.

In determining that Schwenke and PrivateBankruptcy.com are "bankruptcy petition preparers," the Court need not look beyond the plain meaning of the statutory definition. Nevertheless, this interpretation of Section 110 is also consistent with the legislative history and policy behind having such individuals identify themselves, *see In re Alexander,* 284 B.R. at 630, and recent case law addressing similar situations. *See In re Pillot,* 286 B.R. 157 (Bankr. C.D. Cal. 2002) (individual in control of website and company owning website were bankruptcy petition preparers under § 110 where debtor inputted information online, transmitted the information to website for processing, and then printed bankruptcy forms); *In re Dunkle,* 272 B.R. 450 (Bankr. W.D. Pa. 2002)(individual and his company DocuPro, which prepared bankruptcy petitions based upon

14

information provided by debtors from DocuPro's questionnaire, were subject to § 110 and permanently enjoined from assisting persons in filing bankruptcy cases in Western District of Pennsylvannia); *In re Moffett,* 263 B.R. 805 (Bankr. W.D. Ky. 2001)(use of computer software questionnaire program to solicit information and prepare debtor's petition and schedules violates § 110 and constitutes unauthorized practice of law); *In re Farness,* 244 B.R. 464, 469-72 (Bankr. D. Idaho 2000)(same); *In re Kaitangian,* 218 B.R. 102, 110 (Bankr. S.D. Cal. 1998)(same). Although much of the above case law focuses on whether certain actions constitute the unauthorized practice of law, this Court notes that no such issue is currently pending before this Court, and this Court makes no findings as to what actions may or may not constitute the unauthorized practice of law.

### *III. The Specific Violations of 11 U.S.C. § 110*

The U.S. Trustee contends that PrivateBankruptcy.com and Schwenke have violated several provisions of 11 U.S.C. § 110. Section 110 provides that a maximum fine of $500.00 may be imposed for each violation unless the failure is due to reasonable cause. "Reasonable cause" has been found to exist where the "violation is unavoidable through no fault of the violator." *See In re Nieves,* 290 B.R. 370, 377 (Bankr. C.D. Cal. 2003). Each alleged violation will be addressed individually.

15

### 1. Section 110(b)(1) - Signature, Name, and Address on Petition

Section 110(b)(1) requires the petition preparer to sign the document and provide the printed name and address of the petition preparer. The portion of the petition in this case where that information should be provided is blank. PrivateBankruptcy.com and Schwenke have violated § 110(b)(1) by their failure to sign the petition and provide the required name and address.

### 2. Section 110(c)(1) - Identification Number on Petition

Section 110(c)(1) requires the petition preparer to provide a tax identification number on the petition. The portion of the petition in this case where that information should be provided is blank. PrivateBankruptcy.com and Schwenke have violated § 110(c)(1) by failing to provide a tax identification number on the petition.

### 3. Section 110(b)(1) - Signature, Name, and Address on Statement of Financial Affairs

Section 110(b)(1) requires a petition preparer, who prepares documents for filing such as the Statement of Financial Affairs, to provide the printed name and address of the petition preparer on the document. The portion of the Statement of Financial Affairs in this case where that information should be provided is blank. PrivateBankruptcy.com and Schwenke are in violation of § 110(b)(1) for failure to

16

provide the required signature and information.

*4. Section 110(c)(1) - Identification Number on Statement of Financial Affairs*

Similarly, section 110(c)(1) requires a petition preparer, who prepares documents for filing such as the Statement of Financial Affairs, to provide a tax identification number on the document. The portion of the Statement of Financial Affairs in this case where that information should be provided is blank. PrivateBankruptcy.com and Schwenke are in violation of § 110(c)(1) for failure to provide the required information.

*5. Section 110(h)(1) - Disclosure of Fees Paid by Debtor*

Section 110(h)(1) requires that within ten days of the filing of the petition, the petition preparer must file a declaration disclosing the fees paid by the debtor within 12 months of the petition date. PrivateBankruptcy.com and Schwenke failed to file any such declaration in this case and are in violation of § 110(h)(1). The Court acknowledges that it may be difficult for a bankruptcy petition preparer to comply with the provisions of subsection 110(h) when the petition preparer may be unaware of when its customer actually files for bankruptcy, if at all. However, this potential problem can arise whether the services are performed in person or on-line.

Under § 110(h)(2), a court may order the petition preparer to turn over to

17

the trustee any fee charged in excess of the value of the services rendered to prepare the documents. In this case the debtor paid $149.00 for document preparation services. The debtor testified that she was satisfied with the service. The debtor received her discharge on March 9, 2004 (Docket # 8). The Court finds that the $149.00 charged by PrivateBankruptcy.com for document preparation is reasonable and not excessive. *See, e.g., In re Alexander*, 284 B.R. at 634-38 (concluding that reasonable value of petition preparer's services was $200). Accordingly, the Court finds no basis to cancel the fee agreement between the debtor and PrivateBankruptcy.com or to order PrivateBankruptcy.com and Schwenke to disgorge the $149.00 fee, as requested by the U.S. Trustee in his motion.

In the present case, the Court finds the circumstances warrant imposition of a fine of $100.00 per violation for a total of $400.00, with the fine to be imposed jointly and severally against PrivateBankruptcy.com and Schwenke. PrivateBankruptcy.com and Schwenke have provided no reasonable cause or explanation for the four violations of § 110; however, at the time that these violations occurred, it appears that no court had yet held that the actions of these two entities constituted the work of a "bankruptcy petition preparer" within the meaning of Section 110 of the Bankruptcy Code. The three instances cited by the

18

U.S. Trustee in which these entities were sanctioned all occurred after the contacts with the debtor in this case. *See* U.S. Trustee Exhibits J, K, L (orders sanctioning Schwenke and PrivateBankruptcy.com in *In re Briggs*, Case No. 03-22407 (Bankr. D. Wyo. Feb. 20, 2004); *In re Brandhagen*, Case No. 03-06625 (Bankr. S.D. Iowa Feb. 13, 2004); *In re Ernest*, Case No. 04-20363 (Bankr. D. Wyo. June 30, 2004)). Nevertheless, this Court sees no reason, absent intervening circumstances, why future violations by PrivateBankruptcy.com, Schwenke, or any affiliated entities, should not receive the maximum penalty provided under Section 110 of the Bankruptcy Code.

## CONCLUSION

For the foregoing reasons, the U.S. Trustee's motion to cancel fee agreement, refund fees, and assess fines (Docket #6) is granted in part and denied in part. A. Paul Schwenke and cSave.net, LLC dba PrivateBankruptcy.com are jointly and severally fined a total of $400: $200 for two violations ($100 per violation) of 11 U.S.C. § 110(b)(1) plus $200 for two violations ($100 per violation) of 11 U.S.C. § 110(c)(1). Payment of the $400 in fines shall be made to the Clerk of this Court.

19

A separate order shall be entered in accordance with this memorandum of opinion.

IT IS SO ORDERED.

Arthur I. Harris
U.S. Bankruptcy Judge